IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

Case No. 7:25-CV-00538-M

TIMOTHY EVANS,

      Plaintiff,

v.

FRANK J. BISIGNANO,
Commissioner of Social Security,

      Defendant.

ORDER

This matter comes before the court on the Memorandum and Recommendation ("M&R") prepared by United States Magistrate Judge Robert T. Numbers, II. DE 16. Judge Numbers recommends that this court "grant [Plaintiff] relief, deny [Defendant] relief, and remand the matter to the Commissioner for further consideration. DE 16 at 1. Judge Numbers directed the parties to file any objections on or before February 16, 2026. DE 16 at 14. Neither party has filed objections. Accordingly, the M&R is ripe for consideration.

A magistrate judge's recommendation carries no presumptive weight. The court "may accept, reject, or modify, in whole or in part, the . . . recommendation[] . . . receive further evidence or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1); *accord Mathews v. Weber*, 423 U.S. 261, 271 (1976). The court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.* § 636(b)(1) (modification added). Absent a specific and timely objection, the court reviews only for "clear error" and need not give any explanation for adopting the recommendation. *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

Judge Numbers recommends remanding this matter to the Commissioner for further reconsideration because the Administrative Law Juge ("ALJ") erred in finding that Plaintiff's past work "is best characterized as a fast-food cashier in the Dictionary of Occupational Titles (DOT)," rather than "a composite job of fast-food worker and fast-food cook." DE 16 at 6. Plaintiff's actual past work activities, however, do not neatly fit the bill of a fast-food cashier; although Plaintiff did the work of a cashier, he also cooked fries, prepared sandwiches, carried heavy loads, and cleaned and otherwise maintained the kitchen. DE 16 at 10. Judge Numbers explains that based on its erroneous characterization of Plaintiff's past work as a fast-food cashier, the ALJ concluded that Plaintiff "could perform his past work as it is generally performed," without regard for the various duties Plaintiff actually performed. DE 16 at 13.

Upon careful review of the M&R and the record presented, and finding no clear error, the court ADOPTS the recommendation of the magistrate judge as its own. For the reasons stated therein, this matter is REMANDED to the Commissioner for further consideration.

SO ORDERED this __26th__ day of February, 2026.

RICHARD E. MYERS II
CHIEF UNITED STATES DISTRICT JUDGE

2